Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION ) ) ) | MDL NO. 1789 |
| *This document relates to:* ) David E. Tundel ) v. Merck & Co., Inc. ) Case No: 1:07-cv-6396-JFK ) ) | 1:06-md-1789 (JFK) |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(a)(1)**

Pursuant to Federal Rule of Civil Procedure 41(a)(1) ("FRCP 41(a)(1)"), Defendant Merck & Co., Inc. ("Merck"), by and through its undersigned counsel, requests that the Complaint filed herein by Plaintiff David E. Tundel ("Plaintiff") be dismissed. The claim is barred under Rule 41 because Plaintiff has twice previously brought and dismissed the identical claim.

**Factual Background**

On May 22, 2006, Plaintiff filed his initial Complaint against Merck in the Circuit Court for Escambia County, Florida. (A copy of the May 22, 2006 Complaint is attached to the August 29, 2007 Declaration of William J. Beausoleil ("Beausoleil Decl.") as Exhibit 1.) The Complaint alleged that Plaintiff had suffered harm resulting from his ingestion of FOSAMAX®, a drug which Merck manufactures, markets, and distributes. The Complaint sought damages under theories of strict product liability (for defective design and failure to warn), negligence, and fraud. Subsequently, on August 31, 2006, that case was voluntarily dismissed, without prejudice. (Beausoleil Decl. ¶ 4, Exh. 2.)

On September 1, 2006, Plaintiff filed again, this time with the United States District Court for the Northern District of Florida, Pensacola Division. (Beausoleil Decl. ¶ 5, Exh. 3.) Again, this Complaint alleged that Plaintiff suffered damages as the result of his ingestion of FOSAMAX®. The Complaint sought damages for the same alleged injury, under essentially the same theories: negligence, strict liability, breach of express and implied warranties, and fraudulent misrepresentation and concealment. On September 21, 2006, Plaintiff once again voluntarily dismissed his case. (Beausoleil Decl. ¶ 6, Exh. 4.)

On July 13, 2007, Plaintiff filed his complaint for the third time, with this Court, alleging harm caused by his ingestion of Fosamax, and seeking damages under the same theories. (Beausoleil Decl. ¶ 7, Exh. 5.)

**Argument**

Pursuant to FRCP 41(a)(1), Plaintiff's dismissal of his Complaint filed with the United States District Court for the Northern District of Florida operates as an

adjudication on the merits.  For that reason, his most recent Complaint – subsequently filed with this court – should be dismissed.

FRCP 41(a)(1) provides that "a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."  Fed R. Civ. P. 41(a)(1).  Voluntary dismissals under FRCP 41(a)(1) are normally without prejudice, except that a second dismissal, when effected by notice, operates as a conclusive adjudication of the claim involved.  *Id.*  This is commonly referred to as the "two-dismissal rule."  *Poloron Prods., Inc. v. Lybrand Ross Bros. and Montgomery*, 534 F.2d 1012, 1016-17 (2d Cir. 1976).[1]  Plaintiff has now filed three times against Merck, based upon same claim, alleging the same injuries, and calling for relief under the same legal theories.  The third complaint, which was filed with this Court, however, is barred by the two-dismissal rule.  Fed. R. Civ. P. 41(a)(1).

The primary purpose of the two-dismissal rule is to prevent the unreasonable use of the plaintiff's unilateral right to dismiss an action under FRCP 41(a)(1).  *Poloron*, 534 F.2d at 1017.  It protects defendants by providing that a plaintiff "can but once voluntarily dismiss without prejudice."  *Thorp v. Scarne*, 599 F.2d 1169, 1176 (2d Cir. 1979) (quoting *D.C. Electronics, Inc. v. Nartron Corp.*, 511 F.2d 294, 298 (6th Cir. 1975)).  This rule is applied in a "bright-line" manner, which means that the rule "means what it says."  *Id*. at 1175 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.

---

[1] The Court in *Poloron* held that the filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties did not activate the "two dismissal" bar against bringing an action based on or including the same claim.  *Id.* at 1018.  Whereas here, the two dismissal bar is appropriate given that there was no dismissal by stipulation; instead, Plaintiff voluntarily dismissed the identical claim on two occasions.

1977)).  The bright-line test allows for a clear marking of the "termination of a plaintiff's otherwise unfettered right voluntarily and unilaterally to dismiss an action."  *Id.*

Applying the rule to the case at hand, Plaintiff's voluntary dismissal of the second Complaint with the United States District Court for the Northern District of Florida, Pensacola Division, clearly marked the termination of his unilateral right to file and dismiss subsequent actions against Merck, based on the same claim.  *Id.*  The second voluntary dismissal, under FRCP 41(a)(1), acted as an adjudication upon the merits.  According to the two-dismissal rule, the Complaint filed with this Court should be dismissed.

**Conclusion**

For the foregoing reasons, the Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint pursuant to FRCP Rule 41(a)(1).

DATED:   New York, New York
         August 29, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP


By:        /s/
    Norman C. Kleinberg
    Theodore V. H. Mayer
    William J. Beausoleil

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*